IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONNIE NEWSOM #143170, | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-00287 |
| v. | ) |
| | ) Judge Trauger |
| DICKSON COUNTY, | ) Magistrate Judge Holmes |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Ronnie Newsom, an inmate of the Dickson County Jail in Dickson, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 6).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the court proceeds with the required PLRA screening, the court must address the filing fee.

**I. FILING FEE**

Though Plaintiff submitted an IFP Application (Doc. No. 6) in response to the court's deficiency order of March 18, 2024 (Doc. No. 4), the application is incomplete. To file a federal civil lawsuit, a plaintiff must submit the civil filing fee or an application for leave to proceed in forma pauperis. In addition, if seeking pauper status, a plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). To be certified, the statement must be signed by the jail official who manages inmate trust accounts. If the facility does not maintain

1

inmate trust fund accounts, the plaintiff may submit a signed statement in lieu of a certified inmate account fund statement. Plaintiff has not provided the required certified statement.

To proceed as a pauper, Plaintiff **MUST** submit the required certified statement within 30 days of entry of this Order. The required certified statement need not be notarized. The facility custodian of Plaintiff's inmate account should simply sign and date the inmate trust fund statement (which makes the statement "certified"). Plaintiff cannot certify his own statement.

Plaintiff is warned that, if he does not comply with this Order within the time specified, the court may deny his pauper application and he will be required to pay the full civil filing fee to proceed with this case.

Plaintiff may request an extension of time to comply with this Order if he requests an extension in writing within 30 days of the date this Order is entered. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Fed. R. App. P. 24.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that, while in the custody of the Dickson County Jail, Plaintiff did not have access to a law library and law books were not otherwise "accessible" to him. (Doc. No. 1 at 7).

D. ANALYSIS

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). The right of access to the courts requires prison

3

officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, the complaint fails to allege that Plaintiff has been prejudiced in filing this instant lawsuit or has suffered any litigation-related detriment to either this case or another case. Thus, because Plaintiff has not alleged that he sustained an actual injury in his efforts to litigate, he fails to state a claim for denial of his right of access to the courts. However, given that Plaintiff alleges he lacks access to a law library, the court will permit him to amend his complaint to explain how, if any, his inability to obtain legal resources caused an actual injury in his efforts to litigate.

Any such amended complaint **MUST** be filed within 30 days of entry of this Memorandum Opinion and Order.

If Plaintiff submits a timely amended complaint and the required certified statement of his inmate trust fund account activity,[1] the court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this action will be dismissed.

In any event, after 30 days, Plaintiff will be assessed the civil filing fee as required by the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] Of course, the statement must corroborate what Plaintiff indicates on this IFP Application, that he lacks sufficient financial resources to pay the full civil filing fee up front.